IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOLDINGS, INC.,

      Plaintiff,                                      21cv1579
                                                  ELECTRONICALLY FILED

            v.

SELECT ENERGY SERVICES, LLC,
and RED OAK TRANSFER NE, LLC

      Defendant.

**Order on Admissibility of Proposed Exbibit List (doc. 101)**

And now, this 2nd day of February, 2023, as set forth in open Court during the pre-preliminary pretrial conference on this date, the Court makes the following rulings on the admissibility of the proposed exhibits:

**As to Joint Exhibits at JT 1- JT 76:**

1. JT 1 through JT 35 and JT 74 and 75, which encompasses the pleadings, discovery requests and responses, requests for admissions, and deposition transcripts of numerous witnesses, are not proper trial exhibits and will not be admitted in evidence. These exhibits may only be used for impeachment purposes, and/or as party admission(s), if appropriate.

2. JT 36 through JT 38, which are tax assessment records, are admitted without objection.

3. JT 39 through JT 48, which are numerous photographs with bates numbers 000043 - through 000052, are admitted without objection.

4. JT 49 through JT 58, which are email chains including from Ms. Burkhardt and Ms. Curry and attached photos, are admitted without objection.

5. JT 59 through JT 70, which are numerous photographs depicting the subject property in 1998 and on 2/8/2022, are admitted without objection.

6. JT 71 through JT 72, which are Consolidation Coal Company 1976 and 1978 Indentures, are admitted without objection.

7. JT 73, which is a check for building maintenance and repair from 9/14/2018, is admitted without objection.

8. JT 76 through JT 77, which are leases from 10/13/2013 and 10/31/2018, are admitted without objection.

**As to Plaintiff's Exhibits at P 1-P 16:**

9. P 1, which are portions of the Employee Handbook of Select Energy Services, LLC, Defendant's objection is sustained on relevancy grounds. This form of background information may be gained through direct testimony of the applicable witnesses thereby eliminating any risk of confusion or incompleteness from the exhibit.

10. P 2 and P 4 through P 8, which are numerous groups of photographs, are admitted, and therefore, Defendant's objection thereto is overruled, subject to the photographs being properly authenticated. After balancing the probative value vs. prejudicial effect under Fed. R. Evid. 403, the Court finds that the probative value outweighs the prejudicial effect. Certain of Defendant's concerns regarding these exhibits may be elicited though cross-examination, and other concerns of defendants as to duplication, wasting time, etc. will ultimately resolve themselves by trying the case "on the clock" as previously discussed with trial counsel. The parties are reminded that during the trial, counsel must reference the specific exhibit number and bates number when referring to a specific photograph, for the record.

11.  P 3, which are photographs dated 4/6/2020, is admitted without objection.

12.  P 9, which is the expert report and affidavit of Robert Seman, is not admitted. Defendant's objection is sustained, as this constitutes inadmissible hearsay under Fed. R. Evid. 802.  Plaintiff's expert may, however, testify as to the matters listed in his report, and may be subject to cross-examination thereon.

13. P 10 and P 11, which are numerous invoices and quotes from 2020-2022, is not admitted and therefore, Defendant's objection sustained in light of the summary exhibits P 12 and P 13.

14. P 12 and P 13, which are summary/demonstrative exhibits of P 10 and P 11, is admitted and Defendant's objection is overruled, subject to counsel for Plaintiff complying with Fed. R. Evid. 1006 procedure.

15.  P 14, which is a chart setting forth damages claimed by Plaintiff, is not admitted in the current format and wording of the exhibit, and therefore, the objection is sustained.  **Counsel shall work together to create an acceptable trial exhibit which shall be filed on ECF as P 14A by 9:00 am on February 7, 2023.**

16.  P 15, which is a 2017 tax notice, is admitted without objection.

17.   P 16, which is an email chain between Mr. Endres and Mr. Dunn, Sr., is admitted without objection.

**As to Defendant's Exhibits at D 1 and D 2:**

18.  D 1, which is a settlement demand letter from outside counsel for Plaintiff to inside/corporate counsel for Defendant, dated August 5, 2021, is not admitted unless elicited trial testimony makes admissibility proper, and therefore, the objection based upon Fed. R. Evid. 408

is sustained.

19. D 2, which is a letter from inside/corporate counsel of Defendant, dated March 29, 2021, is admitted without objection.

Parties shall hand deliver to Chambers new exhibits binders at 10:00 am on February 7, 2023, and shall file new Exhibit List by February 7, 2023. The parties are reminded that they should not reorder the numbers of the original exhibits in their new filings.

SO ORDERED, this 2nd day of February, 2023.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All ECF Counsel of Record