IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


HOLDINGS, INC.,

          Plaintiff,                     21cv1579
                                       ELECTRONICALLY FILED

             v.

SELECT ENERGY SERVICES, LLC,
and RED OAK TRANSFER NE, LLC

          Defendants.


## MEMORANDUM ORDER OF COURT RE: MOTIONS IN LIMINE

Presently before this Court are two (2) Motions in Limine filed by Plaintiff (doc. 112 and doc. 123) and nine (9) Motions in Limine filed by Defendants (doc. 114, doc. 115, doc. 116, doc. 117, doc. 118, doc. 119, doc. 120, doc. 121, and doc. 122). The trial of this case is scheduled to commence on March 27, 2023. The instant Motions have been fully briefed and are ripe for disposition. After consideration of these matters, the following Order is entered.

AND NOW, this 18th day of February, 2023, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion in Limine to Preclude Defendants from Referencing Certain Terminology in Greg Dunn, Sr.'s Deposition (doc. 112) is GRANTED. Plaintiff seeks to preclude Mr. Dunn, Sr.'s (as representative and sole owner of Holdings, Inc.) description of a potential tenant as an "oriental group" as set forth on page 53, line 1 of Mr. Dunn, Sr.'s deposition, as not relevant. Plaintiff contends that the "terminology is neither of consequence in deciding the action, nor does it have any tendency to make a fact more or less probable." Doc. 113. This Court partially disagrees with that contention. The underlying testimony and evidence, as described by Mr. Dunn, Sr., that there was a

prospective tenant whose offer Plaintiff allegedly declined, is relevant to the question of whether Plaintiff failed to mitigate his damages by renting to another potential tenant. Nonetheless, Mr. Dunn, Sr.'s use of the pejorative phrase "oriental group," in his deposition, remains the laser focus of the Motion in Limine. Plaintiff further contends that "the terminology could inflame the jury and bias it against Plaintiff." Doc. 113. This Court agrees with Plaintiff that under Fed. R. Evid. 403, the prejudicial effect of this evidence substantially outweighs its probative value under Rule 403 because of the potential for the jury to be offended by this inartful reference. Should Plaintiff, however, seek to present evidence that it could not come to terms with this prospective tenant, due to a communication breakdown or because he chose not to rent the property to an entity who was from another country, that testimony may be relevant, but not through cross examination of Plaintiff on his use of the phrase "oriental group." The parties are encouraged to present further factual stipulation(s) to eliminate the presentation of evidence that appears not to be in dispute: that is, (at a minimum) "A cabinet maker (based in Asia) offered approximately $5000-$6000.00 per month to rent both properties following the Holdings lease expiration but Plaintiff declined to rent the property."

2. Defendant's Motion in Limine to Preclude Evidence on Pre-Contract Negotiation and Terms as to an Integrated Agreement (doc. 114) is GRANTED. The parties appear to agree that pre-contractual negotiations, terms or other agreements, are barred by the Parole Evidence Rule, because they are parties to fully integrated lease agreements. However, Plaintiff emphasizes that it should not be barred from presenting any testimony regarding the factual conditions of the property prior to, during or after the lease. The Court does not read Defendants' Motion as painting with such a broad brush. The Court

will permit the parties to introduce testimony/evidence regarding the condition of the property immediately before, during, and after the contract terms, so long as that evidence is otherwise relevant and does not relate to pre-contractual negotiations or agreements.

3. Defendants' Motion in Limine to Preclude the Introduction of Evidence on Defendant's Finances (doc. 115) is DENIED AS MOOT, given Plaintiff's concessions in doc. 145. The parties shall propose a Joint limiting jury instruction by 2/21/23.

4. Defendants' Third Motion in Limine to Preclude Evidence on Price Inflation as to Costs of Repair (doc. 116) is GRANTED. Said evidence of inflation and the cost of repairs is not relevant as it would call for the jury to speculate and is encompassed within the Pre-Judgment Interest claims. *See Cresci Constr. Servs. v. Martin*, 64 A.2d 254, 260 (Pa. Super. 2013). Plaintiff is not precluded from offering testimony of Robert Seman on hard number estimates and quotes previously provided by expert Robert Seman.

5. Defendants' Fourth Motion in Limine to Allow Evidence on Plaintiff's Duty and Failure to Mitigate (doc. 117) is GRANTED. Defendants correctly explain that in a breach of contract action, Plaintiff has a duty to make a reasonable effort to mitigate his losses. *Bafile v. Burough of Muncy*, 588 A.2d 462, 464 (Pa. 1991). The case cited by Plaintiff, *Stonehedge Square Partnership Ltd  v. Movie Merchs*, 715 A.2d 1082 (Pa. 1998), is inapposite because in that case, unlike here, Defendants had abandoned the property prior to the expiration of the commercial lease and the Court found in that case there was no duty to mitigate damages. The question of whether Plaintiff acted reasonably in exercising its duty to mitigate is for the jury.

3

6.  Defendants' Fifth Motion in Limine to Preclude Presentation of Evidence on Both Dimunition and Repair Damages (doc. 118) is GRANTED, and the Court notes that Plaintiff acknowledges that the proper measure of damages is the lesser of the two, and here it is cost of repair of the property in accordance with Pennsylvania law. *Pa. Dept't of Gens. Servs. v. U.S. Mineral Prods. Co.,* 898 A.2d 590, 597 (Pa. 2006).  Plaintiff's request for clarification is granted on whether lost rental income may be sought.  Lost rental income may be an item of consequential damages, and as such, it triggers the ability of Defendants to present evidence that Plaintiff failed in its duty to mitigate damages, by failing to rent the property (given the Court's hereinabove rulings).

7.  Defendants' Sixth Motion in Limine to Strike Samantha-Ann Nadolney as a Witness at Trial (doc. 119) is GRANTED, as Plaintiff's counsel has advised that it consents to said Motion.

8.  Defendants' Seventh Motion in Limine to Preclude Certain Testimony of Plaintiff's Expert Robert Seman (doc. 120) is DENIED.  Plaintiff's expert may testify as to all matters within his expert report, consistent with the discussions at the status conference on 1/19/23, with the exception of the statements on page 5, paragraph 4, sentences 3 and 5 of his expert report.  The expert's testimony is limited, however, to the matters contained within his expert report.  Any testimony beyond the scope of the expert report is not relevant.

9.  Defendants' Eighth Motion in Limine to Preclude Certain Inflammatory Language (doc. 121) is DENIED WITHOUT PREJUDICE.  The alleged inflammatory language Defendant seeks to prevent the jury from hearing is use of phrasing by Plaintiff or

counsel, to describe the nature of Defendants' work to include phrases such as "fracking companies" "fracking operations," "hydraulically fracturing," and that Defendants are a "big business," or a "large company."  Defendants center their objection on Fed. R. Evid. 403, contending that the use of this language would confuse, mislead, or prejudice the jury against them.  The Court will deny this Motion at this time and will instead direct the parties to reach further factual stipulation(s) on the exact nature of Defendants' business, because that issue remains relevant to the ultimate determination of this matter.  Thus, Plaintiff's alleged inaccurate characterization of the nature of Defendants' business can be avoided.  Another avenue would be for the parties to agree on certain voir dire questions related to those topics, to ensure that a fair and impartial jury is selected.  As noted in Plaintiff's response at doc. 146, regarding the size of Defendants' corporation that issue appears to now be moot.

10. Defendants' Ninth Motion in Limine to Preclude Evidence or Oral Argument that a Breach of the Select Energy Services LLC's Employee Handbook Constitutes a Breach of the Lease Between Plaintiff and Defendants (doc. 122) is GRANTED, as the Court has previously sustained the objection to related exhibits, and Plaintiff's counsel has so advised the Court that it consents to the grant of this Motion.

11. Plaintiff's Motion in Limine to Preclude Evidence of the 2017 Tax Assessed Value of the Property (doc. 123) is DENIED, as Plaintiff's claims for cost of repairs renders the value of the property relevant and the danger of prejudice is not outweighed by its probative value under Fed. R. Evid. 403.  JT 36, JT 37 and JT 38 were all previously admitted by the Court without objection and is one method for a determination of the value of the property.

The trial will proceed in accordance with these rulings.

<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc:      All Registered ECF Counsel and Parties